**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CALLWAVE COMMUNICATIONS, LLC, | ) ) ) | |
| | ) | CIVIL ACTION NO. _____ |
| Plaintiff, | ) ) ) | COMPLAINT FOR PATENT INFRINGEMENT |
| | ) | |
| v. | ) ) | |
| TELOVATIONS, INC., | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**STATEMENT OF JURISDICTION**

1. This Court has subject matter jurisdiction over this case under 18 USC §§ 1331, 1338(a).

**NATURE OF THE ACTION**

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.,* to obtain damages resulting from Defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent Nos. 8,351,591 (the "Asserted Patent") (attached as Exhibit A).

3. This action for patent infringement involves Defendant's manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that are primarily used or primarily adapted for use in

consumer telephony services, including but not limited to the Defendant's telephony solutions (collectively, "Accused Products").

## THE PARTIES

4. Plaintiff CallWave Communications LLC ("CallWave") is a Delaware limited liability corporation with its principal place of business in Newton, Massachusetts.

5. Plaintiff CallWave is the assignee of all substantial rights, title and interest in and to the Asserted Patent.

6. Defendant Telovations, Inc. ("Telovations") is a Delaware corporation headquartered at 1410 North Westshore Blvd., Tampa, FL 33607.

7. Telovations is in the business of providing cloud-computing-based telecommunications services.

8. Plaintiff has been and will continue to be harmed by Defendant's infringement of the Asserted Patent. Moreover, Defendant's unauthorized and infringing uses of Plaintiff's patented invention have threatened the value of this intellectual property because Defendant's conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

9. Defendant's disregard for Plaintiff's property rights threatens Plaintiff's relationships with potential licensees of Plaintiff's patents, including the Asserted Patent. The Defendant will derive a competitive advantage over any of Plaintiff's future licensees from infringing Plaintiff's patented technology.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Defendant is subject to personal jurisdiction in the State of Delaware because it is incorporated in and, on information and belief, regularly transacts business in this judicial district by, among other things, on information and belief offering their products and services to customers, business affiliates and partners located in this judicial district. In addition, on information and belief the Defendant has committed acts of direct infringement of one or more of the claims of the Asserted Patent in this judicial district.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendant is subject to personal jurisdiction in this district, and has on information and belief committed acts of infringement in this district.

**THE PATENT-IN-SUIT**

13. United States Patent No. 8,351,591 is entitled "Methods and Apparatus for Providing Expanded telecommunications Service" and relates to processing calls through a telecommunications system, including, at least, by storing in computer readable memory associated with a call processing system a first phone address associated with a first subscriber; storing in computer readable memory a plurality of phone addresses for the first subscriber; participating at the call processing system in a first call associated with the first subscriber, the first call associated with a second phone address different than the first phone address; placing a first outcall from the call processing system to a first called party, wherein the call processing system inserts at least a portion of the first phone address in a callerID field associated with signaling information associated with the first outcall; causing the first call and the first outcall to be bridged; participating at the call processing system in a second call associated with the first subscriber, the second call involving a subscriber communication device associated with a third phone address different than the first phone address; placing a second outcall from the call

processing system to a second called party, wherein the call processing system inserts at least a portion of the first phone address in a callerID field associated with signaling information associated with the second outcall; and causing the second call and the second outcall to be bridged.

## EXEMPLARY ACCUSED PRODUCTS

14. Telovations' Mobility is a telecommunications service that processes calls and can route the calls to mobile devices.

## DIRECT INFRINGEMENT OF UNITED STATES PATENT NO. 8,351,591

15. Paragraphs 1 through 14 are incorporated by reference as if fully restated herein.

16. Plaintiff CallWave is the assignee and lawful owner of right, title, and interest in and to the 8,351,591 Patent.

17. Telovations makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use Telovations' Mobility.

18. Telovations' Mobility infringes, or employs systems, components and/or steps that make use of systems or processes that infringe, one or more of the claims of the 8,351,591 Patent.

19. Telovations has infringed one or more of the claims of the 8,351,591 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

20. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, granting Plaintiff the following relief:

21. That this Court adjudge and decree that Defendant has infringed the Asserted Patent;

22. That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of the Defendant's infringement;

23. That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against the Defendant that is adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

24. That this Court assess pre-judgment and post-judgment interest and costs against the Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

25. Grant to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

26. Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

Dated: January 11, 2013

/s/ *Edmond D. Johnson*
Edmond D. Johnson (Del. Bar. No. 2257)
James G. McMillan, III (Del. Bar. No. 3979)
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
(302) 777-6539
johnsone@pepperlaw.com
mcmillaj@pepperlaw.com

*Attorneys for Plaintiff CallWave Communications, LLC*